J. M. MINCE V. THE STATE.

No. 19246.   Delivered December 15, 1937.

The opinion states the case.

*L. G. Mathews,* of Floydada, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of violating the Pure Food Law by selling decayed eggs and his punishment was assessed at a fine of $50.

There are no bills of exceptions or objections to the court's charge in the record; hence, the only question presented for review is the sufficiency of the evidence to sustain the conviction.

The State's testimony, briefly stated, shows that on the 16th day of May, 1936, appellant sold fifty-two dozen eggs to C. L. Berry, who was doing business in Floydada under the name of Berry Produce Company. After Berry had paid appellant for the eggs and he had left, Berry candled the eggs and found

that three dozen in the upper part of the crate were good, but that the balance were decayed and not fit for human consumption. The next morning Berry went to appellant, told him about the bad eggs, and asked him where he had obtained them. Appellant replied that he had bought them from the Carmack Hatchery and that he would pay for the bad eggs. He not only failed to pay for the eggs, but never came again to Berry's place of business.

Appellant's testimony was to the effect that at the time he sold the eggs to the Berry Produce Company, he did not know that any of them were decayed; that he had purchased them from Carmack just prior to the time he sold them to the Berry Produce Company; that they were already crated and he did not examine the eggs before offering them for sale. Carmack, who became a witness for the appellant, testified to substantially the same facts. This testimony raised the issue of whether the appellant knew, or by the exercise of reasonable diligence could have known, that some of the eggs were decayed; this issue was submitted to the jury by a special requested instruction and the jury determined it adversely to the appellant.

It is strange indeed that the three dozen eggs in the top part of the crate were all sound and that the balance of forty-nine dozen were all decayed, and that appellant did not know of this fact nor could have known of it by the exercise of reasonable diligence. We are of the opinion that from the facts stated, the jury was justified in reaching the conclusion of appellant's guilt.

We note that there is no proof that an egg is of an animal substance or that it is a food. We think, however, that this court can take judicial knowledge of the fact that an egg is the product of an animal, is therefore an animal substance and is a food, because it is commonly used as such.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.